UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br>JUAN JOSE BARRERA,<br><br>          Defendant. | ) CASE NO. CR 99-00012 MMM<br>)<br>)<br>) ORDER DENYING DEFENDANT'S<br>) MOTION FOR REDUCTION OF<br>) SENTENCE<br>)<br>)<br>)<br>)<br>) |

On March 10, 2008, defendant Juan Jose Barrera filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Barrera pled guilty to one count of possessing a controlled substance with intent to distribute on June 25, 1999, and was sentenced to 188 months in custody on August 29, 2001. Barrera argues that his sentence should be reduced based on Amendment 706 to United States Sentencing Guidelines, which modified the base offense level applicable to crack cocaine offenses, and which was made retroactive effective March 3, 2008.

## I. FACTUAL BACKGROUND

On January 5, 1999, a federal grand jury returned an indictment charging Barrera with two counts of possessing with intent to distribute a mixture containing cocaine base in violation of 21

U.S.C. § 841(a)(1). On June 25, 1999, Barrera pled guilty to count one of the indictment, which charged that Barrera possessed and sold 49.6 grams of cocaine base to a confidential informant on November 8, 1998. The government also filed an information alleging that Barrera had seven prior felony convictions.

In sentencing Barrera, the court concluded, based on his prior convictions, that Barrera was a "career offender" within the meaning of U.S.S.G. § 4B1.1.[1] Based on Barrera's status as a career offender, the court calculated an offense level of 34.[2] It reduced Barrera's offense level by two levels based on acceptance of responsibility,[3] and departed downward one level due to the small amount of narcotics involved in Barrera's prior convictions, resulting in an adjusted offense level of 31. Based on the adjusted offense level, and a criminal history category of VI, Barrera's Guideline sentencing range was 188 months to 235 months. The court sentenced Barrera to 188 months incarceration.

---

[1]Section 4B1.1 provides:
"(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI."

[2]In pertinent part, U.S.S.G. § 4B1.1 mandates that the base offense level of a "career offender" facing a statutory maximum penalty of 25 years to life is 34.

[3]The court accepted the probation department's recommendation that it not grant defendant the additional one level reduction for acceptance of responsibility authorized by § 3E1.1(b)(2) of the guidelines because defendant did not enter a guilty plea until four days before trial, after the government had already prepared and filed a trial memorandum and proposed jury instructions, prepared a motion in limine and blow-ups of exhibits, interviewed testifying witnesses and reviewed the relevant tapes several times. There was also no evidence in the record that Barrera had provided timely or complete information to the government concerning his involvement in the offense, warranting an additional one-level reduction under § 3E1.1(b)(1).

## II. DISCUSSION

### A. Legal Standard Governing Motions Under § 3582(c)(2)

Section 3582(c)(2) of Title 18 provides that:

"The court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)).

Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. See 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment" (emphasis added)); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge"); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,'" quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the guidelines, "the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced. . . ." U.S.S.G. § 1B1.10(b). In addition, the court should determine whether a

reduced sentence is warranted in light of the factors set forth in 18 U.S.C. § 3553(a).[4] See *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("In considering a motion for such a reduction, we have held that a district court must engage in a two-part analysis. Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed. . . . The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a)").

If an amendment to the guidelines does not change the original sentencing analysis, a motion for reduction of sentence under § 3852(c)(2) is properly denied. See *Townsend*, 98 F.3d at 513 ("Because Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2)").

---

[4]Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed:
"(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed –
   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)  to afford adequate deterrence to criminal conduct;
   (C)  to protect the public from further crimes of the defendant; and
   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the kinds of sentence and the sentencing range established for –
   (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
   . . . .
(5)  any pertinent policy statement . . .
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

### B. Whether Barrera Is Eligible to Receive a Sentence Reduction Under Amendment 706 to the Sentencing Guidelines

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the base offense level applicable to crack cocaine offenses. *See* U.S.S.G. Supp. To App'x C, Amend. 706 (Nov. 1, 2007); *United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense level for crack cocaine offenses. See U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. § 2D1.1 (Nov. 1, 2007). Under U.S.S.G. § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," a reduction in sentence under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is listed in § 1B.10(c). See U.S.S.G. § 1B1.10(c) (Nov. 1, 2007). On March 3, 2008, Amendment 706 took effect, and is now listed in § 1B.10(c). See 73 Fed.Reg. 217-01 (Jan. 2, 2008). The Sentencing Commission has also given Amendment 706 retroactive effect. See *id*.

Amendment 706 does not assist defendants deemed "career offenders" under the Sentencing Guidelines, however. See *United States v. Lee*, No. CR 93-00216 SI, 2008 WL 2357243, *2 (N.D. Cal. June 6, 2008) ("Amendment 706, which amended only the offense level under § 2D1.1, therefore does not speak to the sentencing range to which defendant was exposed under § 4B1.1, and every court that has considered this issue has held that those sentenced as career offenders – even where the underlying crime involved crack cocaine – cannot move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. See, e.g., *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) ('Although the Sentencing Commission lowered the offense levels in USCG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USCG § 4B1.1, which is what set [the defendant's] sentencing range.'); *United States v. Biami*, 548 F.Supp.2d 661, 666 (E.D. Wis.2008) (collecting over fifteen district court cases denying motion for resentencing for defendants sentenced as career offenders in relation to an underlying crack cocaine violation)"); see also, e.g., *United States v. Burrell*, No. 2:02-cr-96-FTM-29DNF, 2008 WL 434728, *1

5

(M.D. Fla. Feb. 14, 2008) (suggesting that defendant was not eligible for a sentence reduction under Amendment 706 because he was sentenced as a career offender and his guideline range was not affected by the two-level reduction in offense level); *United States v. Pizarro*, No. 98-cr-148-01-PB, 2008 WL 351581, *1 (D.N.H. Feb. 8, 2008) ("The retroactive application of the crack cocaine amendment does not result in a lower sentence for the defendant because he was deemed to be a career offender"); *United States v. Lemieux*, No. 05-cr-274-01-PB, 2008 WL 361016, *1 (D.N.H. Feb. 8, 2008) (same).

Barrera does not qualify for a § 3582(c)(2) sentence reduction under Amendment 706, because the court calculated his sentence under the career offender guideline, § 4B1.1, rather than under § 2D1.1. Had the amended Guidelines been in effect at the time Barrera was sentenced, his adjusted offense level would still have been 31.

Barrera argues that he is nonetheless eligible for a sentence reduction under section 3582(c)(2), because, although the court sentenced him under § 4B1.1, the career offender guideline, the court's sentence took into account the range set by § 2D1.1, and "essentially split the difference between" the two.[5] Courts have rejected such arguments, however,. In *Lee*, the defendant was convicted of a cocaine base offense and sentenced as a career offender. He contended that his "sentence was, at least indirectly, 'based on' the Guidelines calculation under § 2D1.1 and hence should trigger the modification of a sentence for a 'defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered.' 18 U.S.C. § 3582(c)(2)." *Lee*, 2008 WL 2357243 at *2. Specifically, the defendant argued "that before applying the career offender enhancement, a court must compare the offense level for a career offender with the offense level that otherwise would be imposed, in this case under § 2D1.1, and thus the court must calculate and compare the offense level under the portion of the Guidelines that has been amended." *Id*. The district court disagreed:

---

[5]Defendant's Reply in Support of Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c) at 2.

> "Defendant is correct that this is the procedure that must be followed, but other courts have rejected this argument. The Eighth Circuit has narrowly defined 'based on' to apply only to the sentencing range that actually served as the trigger for a defendant's sentence. *Tingle*, 524 F.3d at 840 ('Because Tingle was not sentenced based on a sentencing range that has since been lowered, he has not met the eligibility requirements for a reduction of his sentence under § 3582(c)(2)'); see also U.S.S.G. § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 3008) ('A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.'). Other courts have more explicitly declined to apply defendant's definition of 'based on' to these circumstances, explaining, for instance, that '[i]t would make little sense to permit the court to re-open a sentence based on a guideline amendment that would not, if applied to the defendant, make any difference in the outcome. The better reading of the statute is that the amendment must lower the range under which the defendant was actually sentenced (and would be re-sentenced).' *Biami*, [548 F.Supp.2d at 664]. This Court sees no reason to diverge from these sensible interpretations of § 3582(c)(2)." *Id.*

Here, Barrera's guideline range was calculated under § 4B1.1. The fact that the court exercised its discretion to depart downward one level because of the small amounts of drugs involved in his earlier felony convictions does not reflect reliance on § 2D1.1 or the court's intent to "split the difference" between the offense level calculated under § 4B1.1 and that calcuated under § 2D1.1. Because Barrera's sentence was "based on" § 4B1.1, the court finds no reason to exercise its discretionary power to reduce Barrera's sentence under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the foregoing reasons, Barrera's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is denied.

DATED: March 17, 2009

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT COURT